WHATLEY, Judge,
Dissenting.
I respectfully dissent, because I believe this case is controlled by Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570. In Wardlow, the appellee was in an area known for heavy narcotics trafficking. When the officers drove into the area, the appellee looked in the direction of the officers and fled. The Supreme Court held that this conduct gave officers a reasonable suspicion that the appellee was engaged in criminal activity. Id. at 121, 120 5.Ct. 673.
In the present case, there was testimony that the area in question was a well-known drug area and a high crime area. Deputy Duncan testified that the unmarked police vehicle had been used at that intersection 100 times, maybe more. He testified that they conduct operations using that vehicle in the area several times a week. Further, Investigator Magnuson had spoken with Rhoden a week or two prior to the stop at issue, and Rhoden made complaints about Investigator Magnuson because he had stopped him.[6]
On the day in question, there was testimony that as the vehicle turned the corner, Rhoden looked at the vehicle and began to quickly walk away from the vehi-ele. The law enforcement officers testified that Rhoden was constantly looking back and forth at their vehicle. When the vehicle stopped and Investigator Magnuson got out of the vehicle, Rhoden began to run. Deputy Duncan testified that Rho-den was looking directly at Magnuson when Magnuson opened the door. When he opened the door, Investigator Magnu-son yelled “stop, police,” and Rhoden continued to flee. The vehicle’s siren and lights were then turned on and Rhoden still did not stop.
The trial court correctly found that, as in Wardlow, Rhoden’s presence in a well-known drug area and high crime area and his unprovoked flight upon noticing the police constitute reasonable suspicion to justify the stop under Terry, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. As the Supreme Court held in Wardlow, 528 U.S. at 124, 120 S.Ct. 673, “Headlong flight-wherever it occurs-is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.” Further, while Rhoden’s actions in continuously looking back at the unmarked police vehicle were not suggestive of criminal behavior, such behavior is among the relevant contextual considerations in a Terry analysis. See id. (recognizing that “nervous, evasive behavior is a pertinent factor in determining reasonable suspicion”).
I would affirm the order denying Rho-den’s motion to suppress.

. There was no testimony that Investigator Magnuson was in the vehicle at issue when he previously stopped Rhoden.